**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

MAY 1 3 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| **TODD BART** | § | |
| | § | |
| **VS** | § | **CIVIL ACTION NO. _____** |
| | § | **H-05-1733** |
| **WELLS FARGO HOME MORTGAGE,** | § | **JURY TRIAL** |
| **INC.** | § | **REQUESTED** |

**ORIGINAL COMPLAINT FOR DAMAGES
AND REQUEST FOR TRIAL BY JURY**

The Plaintiff Todd Bart complain of WELLS FARGO HOME MORTGAGE, INC. as

follows:

1.     Plaintiff Todd BART is a natural person and a resides in Sugarland, Harris

County, Texas.

2.     The defendant is WELLS FARGO HOME MORTGAGE, INC. ("WELLS

FARGO") is a California corporation with its principal place of business at 1 Home Campus

X2401-049, Des Moines, Iowa 50328-0001.  It may be served with process through its

registered agent Corporation Services Company at 701 Brazos, Ste. 1050, Austin, TX 78701.

**JURISDICTION OF THE COURT**

3.     This Honorable Court has jurisdiction over this matter based upon 28 U.S.C. §

1331, in that this dispute involves predominant issues of federal law.  Defendant is liable to

Plaintiff pursuant to the provisions of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681,

*et seq.* and the Equal Credit Opportunity Act (ECOA) 15 USC 1691 *et seq.*  Defendant is also

liable to Plaintiff pursuant to the laws of Texas and possibly other states, which claims may be

brought under the Pendant Jurisdiction of this Court.

## TRIAL BY JURY

4.      Plaintiff Todd BART, is entitled to and hereby request a trial by jury.  U.S. Const. amend. 7, Fed. R. Civ. Pro. 38.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5.      Plaintiffs request that this Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against Defendant under federal and state laws.

## REQUEST FOR COSTS OF LITIGATION
## AND ATTORNEYS' FEES

6.      Plaintiffs requests that this Court instruct the jury, as the trier of facts, that in addition to an award of damages, and the costs of litigation, Plaintiffs also seek an award of their reasonable attorneys' fees incurred by Plaintiffs.

## GENERAL FACTUAL BASIS FOR COMPLAINT

7.      Todd Bart and his former wife, Michelle Guthrie owned a home at 3903 N. Caulder Way, Missouri City, Texas 77459 ("the property").  Pursuant to a divorce decree title to the property was in Guthrie's name but Bart and Guthrie were jointly obligated on to the lienholder Wells Fargo Home Mortgage.  Guthrie moved out of state in 2003 and wanted to sell the property.   Todd Bart and his new wife Terri Ann Bart wanted to buy the property and negotiated a purchase price which included a payment of $39,700.00. due Guthrie from the divorce.

8.      On or about June 10, 2003 Todd and Terri Ann Bart contacted Kevin Morahan of Wells Fargo Home Mortgage about a refinance/purchase of the mortgage on the property. Both Bart and Guthrie had a perfect payment record (no late payments) since the loan was

created in 1998. The June 2003 loan balance was approximately $204,000.00 with a property value of $273,000.00. Bart proposed to borrow $245,000.00 to finance the purchase of the home and the amount to be paid to Guthrie.

9.      Morahan assured Bart that this type of refinance and/or purchase could be completed and sent Bart a Good Faith Estimate of a $245,000 loan at 5.25% for 30 years. Morahan traded emails with Bart throughout the remainder of June, all of July and August. Morahan proposed numerous loan options to Bart within the general parameters noted above..

10.     Bart patiently waited for Morahan to determine the appropriate loan package and obtain approval of the loan. After more than 6 months of applications, Morahan scheduled a loan closing for December 4, 2003 for a 360 month  6.25% loan of $252,000.

11.     Wells Fargo then canceled the closing based on a credit report that stated that Bart was delinquent on the existing Wells Fargo mortgage. Bart had deferred the payment of the installments at the advice of Morahan who stated that a closing was imminent and the payment of another installment would only confuse the payoff figure.

12.     The transaction foundered throughout the remainder of December and early into January 2004. At that time, Bart expressed his frustration with the process and went to a mortgage broker Michelle White who reviewed the transaction and immediately applied for a loan. Within a span of less than 30 days White was able to complete a loan through Cornerstone Bank for $252,500.00 at 5.875% APR over 360 months. This was better than the 30 year loan at 6.875% for $242,500.00 that was proposed to Bart on December 13, 2003 but not nearly attractive as the 5.25% APR 30 year loan originally offered by Wells Fargo, which was reviewed on June 19, 2003.

*Plaintiff's Original Complaint page 3*

13.    Essentially, the promises and representations of Wells Fargo caused Bart to delay and obtain a less favorable loan.  In essence, he obtained a 30-year loan at 5.875% for $252,500.00.  Had the loan been made in the summer of 2003 when Bart initially contacted Morahan he would have paid an interest rate of 5.25% over 30 years for a loan balance of $245,000.00.

14.    Bart has been damaged by this in the following particulars

| | |
|---|---|
| *Additional Interest - June 2003 to Feb 2004* | *$ 1,880.00* |
| *6.625% APR vs 5.875% APR on balance of $205,000* | |
| *Difference in Loan Cost (Principal and Interest only)* | *$ 34,693.20* |
| *360 months * $96.37* | |
| *5.875%APR  $245,000.00 principal 360 months* | *$ 1,449.27* |
| *5.250%APR  $245,000.00 principal 360 months* | *$ 1,352.90* |
| *Additional Principal and interest on additional balance of new loan* | *$ 15,973.20* |
| *$7,500.00 ($252,500.00 less $245,000.00) @5.875% for 360 months* | |

15.    WELLS FARGO did not notify Bart in writing that his June 10, 2003 application and the June 19, 2003 loan proposal was denied.  Nor did it notify Bart as to whether the loan was denied because of information in his credit report.

16.    WELLS FARGO did not notify Bart in writing that his December 4, 2003 application for a 5.25% APR loan was denied and instead a loan was offered on less advantageous terms.  Nor did it notify Bart as to whether the requsted loan was denied because of information in his credit report.

17.    During June of 2003 through January of 2004, Bart spent hours calling and writing to WELLS FARGO to obtain the requested loan.

18.    Bart later obtained a home mortgage but the rate and terms were much less favorable than initially promised by WELLS FARGO.

---

*Plaintiff's Original Complaint page 4*

## LIABILITY OF WELLS FARGO MORTGAGE

### First Complaint: FCRA

19.    In this action, Defendant, WELLS FARGO HOME MORTGAGE , INC. ["WELLS FARGO"] is a USER as defined in the Fair Credit Reporting Act.

20.    Defendant WELLS FARGO through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff by failing to provide an adverse action notice as required by law. **15 USC 1681m.**

21.    Defendant WELLS FARGO has, maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

22.    In addition to actual or compensatory damages, WELLS FARGO is liable unto Plaintiffs in a sum to be assessed by the trier of fact for punitive/exemplary damages under states' laws, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

## LIABILITY OF WELLS FARGO MORTGAGE

### Second Complaint: ECOA

23.    In this action Defendant, WELLS FARGO HOME MORTGAGE, INC. ["WELLS FARGO"] is a CREDITOR as defined in the Equal Credit Opportunity Act as it regularly extends, renews, or continues credit, arranges for the extension, renewal, or continuation of credit, or participate in the decision of whether or not to extend credit. **15 U.S.C. 1691e.** Upon information and belief, Well Fargo acted on more than one hundred fifty consumer credit applications for each calendar year from 2000 to 2005.   Accordingly, it must provide any adverse action notice in writing.  **15 U.S.C. 1691(d)(5).**

24.     Defendant WELLS FARGO through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff by taking adverse action on Plaintiff's credit application, i.e. offering a mortgage loan at substantially higher rates than it originally estimated. WELLS FARGO then failed to provide an adverse action notice as required by law which disclosed the source of the information upon which it based its decision and the reason(s) for its adverse actions. **Regulation B, 12 C.F.R. 202.9(a).**

25.     Defendant WELLS FARGO is liable to Plaintiff for Plaintiff's damages pursuant to **15 U.S.C. 1691e.**

26.     In addition to actual or compensatory damages WELLS FARGO is liable unto Plaintiffs in a sum to be assessed by the trier of fact for punitive/exemplary damages under states' laws, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

27.     Plaintiff is entitled to be granted reasonable attorney's fees and costs, pursuant to 15 USC 1691e(d) and §202.1(c)(1) of Regulations B.


WHEREFORE, PLAINTIFF TODD BART, prays after all due proceedings are had there be Judgment herein in favor of Plaintiff and against Defendant WELLS FARGO HOME MORTGAGE, INC. as for all reasonable damages sustained by Plaintiff, including, but not limited to, compensatory damages associated with the costs of being denied credit, the costs incurred in repairing his credit history, out-of-pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal safety and security and for punitive

---

*Plaintiff's Original Complaint page 6*

damages, attorney's fees, court costs and such other and further relief to which the Plaintiff may

show themselves entitled.

Respectfully Submitted,

**MARK L. ASCHERMANN**
**Attorney for Plaintiff**
**SBN #01368700**
**Federal ID No. 4085**
3730 Kirby Drive #520
Houston Texas 77098
(713) 942-0808 (713) 942-0449 FAX